IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOE CURTIS HARRIS,

    Plaintiff,

v.                                                                CIVIL ACTION NO.: CV506-066

Nurse FOWLER and
Officer SPELL,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at D. Ray James Prison in Folkston, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that during a medical examination, Defendant Fowler threw away his prescription cream because it had expired. Plaintiff asserts that Defendant Fowler should have allowed Plaintiff to retain the prescription because the doctor at Coastal State Prison, Plaintiff's previous place of confinement, had instructed Plaintiff to use the cream in full. Plaintiff further asserts that Defendant Fowler discontinued his prescribed Motrin tablets and substituted another drug, which Plaintiff refused. Plaintiff finally contends that during the exam, Defendant Fowler became hostile and that Defendant Spell appeared and handcuffed Plaintiff and placed him in segregation.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle

2

expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates.

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105, 97 S. Ct. at 291).

Plaintiff's allegations against Defendant Fowler amount to nothing more than a difference of opinion as to his treatment. Such allegations are not cognizable under section 1983. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a

3

mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment).

Additionally, if the Court understands Plaintiff's allegations, Plaintiff also seems to complain about the fact that Defendant Spell placed him in segregation "absent wrongdoing," which is arguably a due process violation. In order to establish an entitlement to due process procedural protections, a plaintiff must first establish the deprivation of a liberty interest or property interest. Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 868, 74 L. Ed. 2d 675 (1983); Meachum v. Fano, 427 U.S. 215, 223, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976). The Supreme Court redefined the methodology for determining whether a liberty interest is implicated when an inmate is subjected to more restrictive forms of confinement in Sandin v. Conner, 515 U.S. 472, 480-84, 115 S. Ct. 2293, 2298-30, 132 L. Ed. 2d 418 (1995). The court must examine the *nature* of the liberty interest at stake, and only those deprivations of liberty that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or that could inevitably affect the duration of the inmate's sentence warrant additional procedural protection. Id. at 487, 115 S. Ct. at 2302. In Sandin, the Court held that serving thirty days in disciplinary segregation with conditions that mirrored those for prisoners in administrative segregation and protective custody was not atypical and significant. Id. at 486, 115 S. Ct. at 2301. See also Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1996) (holding that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim"). Plaintiff has not demonstrated an 'atypical and significant hardship' in relation to the ordinary

4

incidents of prison life. Accordingly, Plaintiff fails to state a claim that his constitutional rights have been violated.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 11th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)